UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
DANIEL A. LEVI, a.k.a. DRAKEFORD LEVI,

                          Plaintiff,

             - against -

MCGLADREY LLP, and H&R BLOCK
HEALTH & WELFARE PLAN,

                        Defendants.
-------------------------------------------------------------x

**OPINION AND ORDER**

12-cv-8787 (ER)

Ramos, D.J.:

       This lawsuit, first filed approximately three and one half years ago, began as an employment discrimination case arising out of the alleged wrongful termination of, and subsequent retaliation against, *pro se* plaintiff Daniel A. Levi ("Plaintiff").  Docs. 2, 18, 28. Plaintiff alleged that he was discriminated against on the basis of sex, race and color, ultimately resulting in both the termination of his employment and an improper denial of the medical benefits to which he was entitled under the Consolidated Omnibus Budget Reconciliation Act ("COBRA").  By Opinion and Order entered on September 24, 2014 (the "September 2014 Order"), the Court dismissed all of Plaintiff's Title VII, Equal Pay Act, and New York State Human Rights Law claims, but granted him leave to file a Third Amended Complaint ("TAC") to assert claims against Defendant McGladrey LLP ("McGladrey"), in its capacity as plan administrator, for violations of Sections 502(a)(1)(B), 502(a)(3) and 503 of the Employee Retirement Income Security Act of 1974 ("ERISA"), Title 29 U.S.C. §§ 1132(a)(1)(B), and 1132(a)(3) and 1133, respectively.  Doc. 40.  Plaintiff filed the TAC on May 4, 2015.  Doc. 53. McGladrey moved to dismiss on July 24, 2015.  Doc. 59.  For the reasons set forth below, the motion to dismiss is GRANTED without prejudice.

I.      BACKGROUND[1]

The following facts are based on the allegations in the TAC, which the Court accepts as true for purposes of the instant motion. *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012) (evaluating a Rule 12(b)(6) motion); *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004) (citing *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998)) (evaluating a Rule 12(b)(1) motion).

Plaintiff is an African American-Native Indian American male. *See* TAC at 6. He began working for McGladrey on a temporary basis in February 2008, before being retained as a full-time employee three months later. *Id.* at 7. While working for McGladrey, Plaintiff received positive evaluations. *Id.* However, during an April 4, 2009 meeting with McGladrey's human resources director, Plaintiff was informed that a female co-worker had accused him of misconduct, including wearing dungarees, being violent, and engaging in inappropriate sexual conduct; accusations that Defendant "completely and unequivocally denied." *Id.* at 10. Plaintiff maintains that, in actuality, his termination "served as retaliation for having informed management about the hostile work environment to which [he] was being subjected." *Id.* Nevertheless, Plaintiff received a termination letter, dated April 30, 2009, indicating that his employment would end effective the following day, May 1, 2009. *Id.* Ex. C. The letter did not state a specific cause for the termination, but did provide information concerning his employee benefits, including how to continue those benefits pursuant to COBRA. *Id.*

---

[1] As with his Second Amended Complaint, Plaintiff has submitted a detailed factual account of the events leading up to and following his termination, along with a number of supporting documents and exhibits. The Court has reviewed those materials in their entirety. This factual narrative does not purport to reflect the full breadth of Plaintiff's submissions, but rather is intended to provide appropriate factual context for the ensuing legal discussion.

Subsequent to his termination, on July 6, 2009, Plaintiff submitted an application for COBRA pursuant to the instructions given by McGladrey.  *Id.* at 11.  One week later, on July 13, 2009, Plaintiff's application was returned with a notation that it was being denied because "misconduct [made him] ineligible for COBRA coverage".  Id. Ex. F.  According to Plaintiff, that was the first time he was ever told that he had been terminated for "misconduct".  *Id.* at 11.  The following day, July 14, 2009, Plaintiff received another letter from McGladrey, confirming that the COBRA application had been sent to him in error, and that in accordance with federal guidelines, "when an employee is terminated for Gross Misconduct, the employer is not required to offer COBRA."  *Id*. Ex. G.  Again, according to Plaintiff, that was the first time he was ever told that he had been terminated for "gross misconduct".  *Id*. at 12.

On August 16, 2009, Plaintiff submitted a written request for an appeal of the denial of his COBRA benefits.  *Id.* Ex. H.  The letter was addressed to the "Administrative Committee for Health Benefits,"[2] and cc'ed Plaintiff's attorney, Charles Stone.  That appeal was denied by letter dated November 4, 2009.  *Id.* Ex. K.  The denial letter indicated that the appeal was received by the "Plan Administrator", and that the "Administrative Committee" reviewed Plaintiff's claim and confirmed that Plaintiff was ineligible for continued coverage due to having been terminated for gross misconduct.[3]  *Id*.  It was signed by Kathy Johnson "[f]or the

---

[2] The "Administrative Committee for Health Benefits" is the named Plan Administrator under the ERISA benefits plan in place at McGladrey at the time of Plaintiff's termination.  *See* Exhibit 1 to the Affirmation of Carlos L. Lopez in Support of Defendant's Motion to Dismiss the Second Amended Complaint ("Lopez Aff. Exhibit 1), Doc. 38-1 at 94.  While this portion of the Plan is not appended to the TAC, the Court may cite to the full version filed by McGladrey.  *Cf. Hoy v. Inc. Vill. of Bayville*, 765 F. Supp. 2d 158, 163-64 (E.D.N.Y. 2011) (noting that, in the Rule 12(b)(6) context, courts may refer to "documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint" (quoting *In re Merrill Lynch & Co., Inc*., 273 F. Supp. 2d  351, 356-57 (S.D.N.Y. 2003))).

[3] While the letter states that plaintiff's claim "is not eligible for any additional consideration under the terms of the Plan," it also informs Plaintiff that he has "certain rights and is entitled," among other things, to request all records

Administrative Committee of Health Plans." *Id.*  In apparent response to the November 4 letter, Mr. Stone wrote to Ms. Johnson requesting "copies of any and all documents, records and other information relevant to [Plaintiff's] claim for benefits.  *Id.* Ex. L.  Ms. Johnson responded by letter dated February 26, 2010, providing Mr. Stone with (1) an excerpt of the McGladrey Severance Plan, (2) a screen shot of McGladrey's internal personnel file for Plaintiff indicating that he had been terminated for misconduct, and (3) a summary of the Summary Plan Description.  *Id*. Ex. M.

In the interim, Mr. Stone was corresponding directly with McGladrey, as distinguished from the Administrative Committee for Health Benefits, requesting documentation concerning the allegations pertaining to Plaintiff's termination.  *Id*. Ex. H-1 (October 8, 2009 letter from Stone to Donna Rosen, Director, McGladrey, making a "formal demand for production of [Plaintiff's] entire file").  Mr. Stone's October 8, 2009 letter made no mention of Plaintiff's ERISA or COBRA rights.  By cover letter dated November 2, 2009, Michelle McKenzie, Senior Director of Employee Relations for McGladrey, provided Mr. Stone with Plaintiff's personnel file.

On April 26, 2010, Plaintiff dual-filed an administrative complaint with the New York State Division of Human Rights (the "NYSDHR") and the United States Equal Employment Opportunity Commission (the "EEOC").  *Id.* at 17.  It was only on June 2, 2010, when McGladrey submitted its response to the NYSDHR complaint, that Plaintiff alleges he first received a written, detailed summary of his alleged misconduct.  *Id.* at 18.  The NYSDHR dismissed the administrative complaint based on a finding of no probable cause, and that finding

and other information relevant to his claim for benefits, and the opportunity to submit comments, documents, records and other information relating to his claim.  TAC Ex. K.

4

was adopted by the EEOC, which issued Plaintiff a right-to-sue letter. *Id.* at 19. This lawsuit followed, with Plaintiff's original Complaint being filed on December 3, 2012. Doc. 2.

## II.     Legal Standard

When ruling on a motion to dismiss pursuant to Rule 12(b)(6),[4] the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Koch*, 699 F.3d at 145. However, the Court is not required to credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also id.* at 681 (citing *Twombly*, 550 U.S. at 551). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). More specifically, the plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Federal Rule of Civil Procedure 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79. If the plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

In the case of a *pro se* plaintiff, the Court is obligated to construe the complaint liberally, *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011), and to interpret the claims as raising the

---

[4] While McGladrey's motion to dismiss is brought pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6), it makes no arguments in furtherance of Rule 12(b)(1).

strongest arguments that they suggest. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (citing *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010)).  The obligation to read a *pro se* litigant's pleadings leniently "applies with particular force when the plaintiff's civil rights are at issue." *Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)).  "However, even *pro se* plaintiffs asserting civil right claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## III.   DISCUSSION

### A.  McGladrey is neither an ERISA "Plan Administrator" nor "Fiduciary"

In the September 2014 Order, this Court granted Plaintiff leave to file the TAC and limited the claims he could bring therein to assert a violation of 29 U.S.C. § 1132(a)(1)(B), and, to the extent he chose, violations of §§ 1132(a)(3) and 1133, as well.[5]  Doc. 40 at 22-23.

Plaintiff alleges in purely conclusory fashion that McGladrey, acting "in the sole capacity . . . as the named Plan Administrator with fiduciary and exclusive authority to manage the H&R Health Plan[,] . . . failed to act solely in the interest of the named participant of the  . . . Plan . . .

---

[5] As the Court noted in the September 14 Order, a cause of action under § 1133 based on the alleged non-compliance with the ERISA regulations would not provide Plaintiff with the monetary redress he sought.  Doc. 40 at 21 n.24; *see also Smith v. Champion Int'l Corp.*, 220 F. Supp. 2d 124, 128-29 (D. Conn. 2002) ("Defendant correctly notes that § 1133 does not give rise to a private cause of action for compensatory or punitive relief." (citing *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 144 (1985))).  Rather, a section 1133 claim is proper where the plaintiff seeks equitable relief, such as remand to the plan administrator. *See Krauss v. Oxford Health Plans, Inc.*, 517 F.3d 614, 630 (2d Cir. 2008) ("A full and fair review concerns a beneficiary's procedural rights, for which the typical remedy is remand for further administrative review.").  Likewise, a breach of fiduciary duty claim under § 1132(a)(3) would be limited to "equitable relief for injuries caused by violations that [section 1132] does not elsewhere adequately remedy." *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996); *see Devlin v. Empire Blue Cross & Blue Shield*, 274 F.3d 76, 89-90 (2d Cir. 2001) (countenancing concurrent claims under sections 1132(a)(1)(B) and (a)(3)).

and failed to act with the care, skill, prudence, and diligence under the circumstances . . .
required by ERISA pursuant to 29 U.S.C. § 1132(a)(1)(B) and 1132 (a)(3)."  TAC at 20.

Section 1132(a)(1)(B) permits an ERISA plan participant or beneficiary "to recover
benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan,
or to clarify his rights to future benefits under the plan.  29 U.S.C. § 1132(a)(1)(B).  "In a
recovery of benefits claim, only the plan and the administrators and trustees of the plan in their
capacity as such may be held liable."  *Chapman v. ChoiceCare Long Island Term Disability
Plan*, 288 F.3d 506, 509-10 (2d. Cir. 2002) (quoting *Leonelli v. Pennwalt Corp*., 887 F.2d 1195,
1199 (2d Cir.1989)); *Crocco v. Xerox Corp*., 137 F.3d 105, 107 (2d. Cir. 1998) (holding that
only the plan and the administrators trustees of the plan in their capacity as such may be held
liable" in an action seeking to recover benefits under Section 502(a)(1)(B) (citations omitted);
*see also Del Greco v. CVS Corp*., 354 F.Supp.2d 381, 384 (S.D.N.Y.2005).  Under ERISA, the
plan "administrator" is "the person specifically so designated by the terms of the instrument
under which the plan is operated ...." 29 U.S.C. § 1002(16)(A)(i); *Crocco,* 137 F.3d at 107 ("if a
plan specifically designates a plan administrator, then that individual or entity is the plan
administrator for purposes of ERISA ....")

Here, the operative document, the plan in place at McGladrey when Plaintiff was
terminated, expressly designates the Administrative Committee for Health Benefits as the Plan
Administrator.  *See* Lopez Aff. Ex. 1at 94.  In addition, the Plan Sponsor and Named Fiduciary is
identified as HRB Management, Inc., *id*., and the Claims Administrator is identified as Empire
BlueCross BlueShield, *id*.  There is thus no basis upon which liability may attach to McGladrey
pursuant to § 1132(a)(1)(B).  *See Paneccasio v. Unisource Worldwide, Inc*. 532 F.3d 101, 108
n.2 (2d. Cir. 2008) (holding that defendants who did not fall into the categories of (1) an ERISA

covered plan, (2) plan administrator, or (3) plan trustee could not be held liable under §

1132(a)(1)(B) as a matter of law); *Mott v. IBM*, 2011 WL 3846523, at *2 (E.D.N.Y. Aug. 9,

2011) ("The Second Circuit has held that a claim for recovery of benefits under § 1132(a)(1)(B)

is barred by a plaintiff's failure to name the right defendant.  In a recovery of benefits claim, only

the plan and the administrators and trustees of the plan in their capacity as such may be held

liable . . . Courts have dismissed defendant-employers on Rule 12(b)(6) motions on that

ground.") (internal citations omitted)).

　　　　Not only does the plan make clear that McGladrey is not the plan administrator, the

correspondence Plaintiff received advising him of the denial of benefits also made clear that the

*actual* administrator made the determination concerning the denial of benefits:  "*The Plan*

*Administrator* is in receipt of your request to extend COBRA rights to you.  *The Administrative*

*Committee* has reviewed your claim and determined that your request cannot be granted and is

not eligible for any additional consideration under the terms of the Plan." TAC Ex. K (emphasis

added).  The letter was signed on behalf of the "The Administrative Committee of Health Plans."

Accordingly, pursuant to the foregoing clear authority, and the record of this case, McGladrey is

not an appropriate defendant and the § 1132(a)(1)(B) claim against it must be dismissed.  To the

extent that Plaintiff's argument is based on the theory that certain McGladrey employees, "who

were not plan administrators," were able to "control and influence claims decisions" entrusted to

the administrator,[6] his claim would still fail.  Under long-standing Second Circuit precedent, a

party who is not a plan administrator cannot be held liable for a violation of § 1132(a)(1) even if

it were a *de facto* co-administrator.  *Crocco*, 137 F.3d at 107-08.

---

[6] *See* Plaintiff's Memorandum at Law In Support of Opposition to Defendant's Motion to Dismiss the Third
Amended Complaint for Violations of the Employee Retirement Income Security Act of 1974, Doc. 65 at 15.

Plaintiff's claim for relief under § 1132(a)(3) fares no better and for the same reason—McGladrey is not the designated fiduciary under the Plan. It fails for the additional reason that Plaintiff does not plausibly ascribe to McGladrey fiduciary responsibilities, much less fiduciary responsibilities that McGladrey breached. ERISA § 502(a)(3) allows plan participants, beneficiaries or fiduciaries to bring a civil action "to enjoin any act or practice which violates any provision of this subchapter or terms of the plan, or ... obtain other appropriate equitable relief." 29 U.S.C. § 1132(a)(3). In *Varity Corp. v. Howe*, the Supreme Court held that claims alleging breach of fiduciary duty could be brought by individual plaintiffs because ERISA § 502(a)(3) "act[s] as a safety net, offering appropriate equitable relief for injuries caused by [ERISA] violations that § 502 does not elsewhere adequately remedy." *Varity Corp. v. Howe*, 516 U.S. 489 at 512 (1996). *Varity Corp*. clearly provides that, where a plan participant has no remedy under another section of ERISA, she can assert a claim for breach of fiduciary duty under § 502(a)(3). *Id.* at 515 (noting that ERISA's purposes would be furthered by granting a remedy where no other remedy is available). ERISA defines fiduciary, in part, as follows:

> A person is a fiduciary with respect to a plan to the extent he (i) exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets . . . or (iii) he has any discretionary authority or discretionary responsibility in the administration of such a plan.

29 U.S.C. § 1002(21)(A).

Pursuant to that definition, even if not a named fiduciary, a person is a *de facto* fiduciary under ERISA "to the extent" she, *inter alia*, (a) "exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets," or (b) "has any discretionary authority or discretionary responsibility in the administration of such plan." *Coulter v. Morgan Stanley&*

9

*Co.*, 753 F.3d 361, 366 (2d Cir. 2014); 29 U.S.C. §§ 1002(21)(A); *accord Mertens v. Hewitt Assocs.*, 508 U.S. 248, 251–52 (1993).

However, a review of the TAC, the attachments thereto, and the plan summary, establish that the Plaintiff does not plead facts plausibly suggesting that McGladrey acted as a fiduciary. "To state a claim for breach of fiduciary duty under ERISA, a plaintiff must allege facts which, if true, would show that the defendant acted as a fiduciary, breached its fiduciary duty, and thereby caused a loss to the plan at issue." *Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 730 (2d Cir. 2013) (citing 29 U.S.C. § 1109(a); *Pegram v. Herdrich*, 530 U.S. 211, 225-26 (2000)). "'In every case charging breach of ERISA fiduciary duty . . . the threshold question is . . . whether that person was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to the complaint.'" *Coulter v. Morgan Stanley & Co. Inc.*, 753 F.3d at 366 (alterations in original) (quoting *Pegram*, 530 U.S. at 226). ERISA provides that a person is a fiduciary to a plan if the plan identifies them as such. See 29 U.S.C. § 1102(a).

As Defendant aptly points out, those actions that are properly attributed to McGladrey by Plaintiff do not implicate fiduciary responsibilities. Specifically, the bulk of Plaintiff's lengthy allegations continue to focus on the alleged discriminatory and retaliatory acts undertaken by McGladrey which resulted in Plaintiff's termination, and the "lies" that McGladrey subsequently purportedly relied upon to justify the termination.[7] TAC at 9-19. Those actions, even accepted as true, were simply not fiduciary or discretionary actions taken pursuant to the plan, but rather garden variety employment actions taken by an employer. *See Coulter*, 753 F.3d at 368

---

[7] The Plaintiff also takes substantial issue with the holdings in the Court's September 2014 Order dismissing his Title VII, EPA, and NYHRL claims.

(dismissing ERISA claims based on breach of fiduciary duty because alleged actions did not implicate fiduciary function); *Faber v. Metropolitan Life Ins. Co.*, 648 F.3d 98, 104-06 (2d. Cir. 2011 (same).  By contrast, the allegations that do implicate the Plan are carried out not by McGladrey but by the Plan Administrator.  See TAC at 22-26 (alleging the failure to provide Plaintiff with information and documents, or to have done so in a timely manner).  Despite Plaintiff's conclusory protestations to the contrary, those actions were not taken by McGladrey. In any event, even if they were undertaken by McGladrey, the activities described by the Plaintiff—communications with Plaintiff and his attorney requesting documents, etc.—are purely ministerial in nature and do not implicate fiduciary functions.  *See* 29 C.F.R. 2509.75-8 ("a person who performs purely ministerial functions  . . . for an employee benefit plan . . . is not a fiduciary because such person does not have discretionary authority or discretionary control respecting management of the plan, does not exercise any authority or control respecting management or disposition of the assets of the plan"); *see also Bell v. Pfizer, Inc.*, 626 F.3d 66, 74 (2d Cir. 2010) ("employers assume fiduciary status only when and to the extent that they function in their capacity as plan administrators, not when they conduct business that is not regulated by ERISA") (internal citations and quotation marks omitted).  Here, apart from the November 4, 2009 Letter from the Plan Administrator denying his claim, the communications between Plaintiff, his attorney and McGladrey fall into the ministerial  category.

Finally, Plaintiff's § 1133 claim also fails.  As the Court previously noted, that provision, which requires covered plans to give adequate notice in writing to beneficiaries whose claim for benefits has been denied, and afford a reasonable opportunity for a "full and fair review by the appropriate named fiduciary," 29 U.S.C. § 1133, does not provide a private cause of action for compensatory relief.  *See* September 14 Order at 21 n.24.  The claim fails because McGladrey is

not an "appropriate named fiduciary."  The named fiduciary is HRB Management, Inc.  *See*
Lopez Aff. At 94; *see also Smith v. Champion Int'l Corp.*, 220 F. Supp. 2d 124, 128-29 (D.
Conn. 2002) (holding that benefits management services provider was not a proper party in an
action asserting a violation of § 1133 because it was neither a plan administrator nor fiduciary
and thus could not provide a full and fair review as required by the statute).

Accordingly, for the reasons set forth above, the TAC is dismissed as to McGladrey.

B.  *Amendment Would Not Be Futile*

Plaintiff requests leave to file yet a fourth amended complaint to add the Plan
Administrator, the Administrative Committee for Health Benefits, if the Court finds that
McGladrey is not an appropriate party.  Doc. 65 at 15-16.  McGladrey requests that the TAC be
dismissed with prejudice.  In light of the foregoing analysis, the Court finds that Plaintiff is
unable to assert an ERISA claim against McGladrey as a matter of law.  However, the Court
finds that the state of the record still precludes a finding that further amendment to add the
Administrative Committee as a party would be futile.

McGladrey asserts that adding the Administrative Committee would be futile because
Plaintiff has not appealed the finding of the November 4, 2009 letter denying coverage and thus,
has not exhausted his administrative remedies under the plan.  Doc. 67 at 8.  However, in the
September 14 Order, the Court cited to the exception to the exhaustion requirement[8] under
ERISA and noted:

---

[8] 29 C.F.R. § 2560.503–1(l) provides "In the case of the failure of a plan to establish or follow claims procedures
consistent with the requirements of this section, a claimant shall be deemed to have exhausted the administrative
remedies available under the plan and shall be entitled to pursue any available remedies under section [1132(a)] on
the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits
of the claim.

> Here, the documents included in the pleadings do not conclusively establish that Plaintiff's COBRA application and subsequent requests for review were handled in accordance with the regulatory requirements.  Rather, much of what is included in the pleadings suggests that section 2560.503–1(l)'s deemed exhaustion rule may apply in this case. . . . [T]he pleadings are replete with allegations indicating that an extended period of time passed—and a lawyer's intervention was required—before Plaintiff was actually able to receive the documents and information he was seeking.  And, while the regulations provide time limits of either fifteen or thirty days, depending on the type of claim at issue,  within which an appeal must be decided under a group health plan, *see* 29 C.F.R. § 2560.503–1(i)(2), here nearly three months passed between Plaintiff's appeal and Defendant's response.  Thus, at least based on the documents currently before the Court and the manner in which the case has been argued, it seems plausible to infer that the administrative process should be deemed exhausted in this instance.

September 2014 Order at 20-21 (footnote omitted).

While McGladrey has been determined to be an inappropriate party, the state of the record today is otherwise identical to what it was when the September 2014 Order issued.  It is plausible, therefore, that Plaintiff may yet be able to state a claim against the proper party, the Plan Administrator.  Therefore, Plaintiff will be provided an opportunity to amend a fourth time to add the Administrative Committee for Health Benefits as a party in its capacity as plan administrator, and his claims will be limited, as pursuant to the September 2014 Order, to violations of §§ 1132(a)(1)(B), 1132(a)(3) and 1133.  This finding is, of course, without prejudice to the Administrative Committee raising any defense available to it, including, without limitation, those suggested by McGladrey in its reply.  Doc. 67 at 8-10.

13

**IV.    Conclusion**

    Accordingly, and for the reasons set forth above, Defendant's Third Amended Complaint is DISMISSED without prejudice.  Plaintiff is directed to file the Fourth Amended Complaint, if he so chooses, by no later than Friday, April 29, 2016.  The Clerk of the Court is respectfully directed to terminate McGladrey LLP as a party, and terminate the motion, Doc. 59.

It is SO ORDERED.

Dated:    March 31, 2016
          New York, New York

                                              _____
                                              Edgardo Ramos, U.S.D.J.

14